Common Pleas Court of Cuyahoga County.

IN RE ESTATE OF WACLAW ALBANOWSKI.

Decided January 5, 1933.

GEORGE B. HARRIS, J.

This case comes to this court on appeal from the judgment of the Probate Court of this county, which overruled certain exceptions filed by A. M. Barlow, regional attorney for the United States Veterans Bureau, to the third, fourth and fifth partial accounts of Frederick Truman, guardian of Waclaw Albanowski, a lunatic. Mr. Truman was appointed guardian of this ward on June 30, 1921, and has served in that capacity since that time.

The exceptions relate principally to allowances made to the guardian for reimbursement for services in the operation of an office which he maintained and in which he employed an assistant, and for the allowance for extra ordinary services and for the allowance of attorney's fees.

Prior to July 30, 1929, the law with relation to allowances to guardians for compensation was set forth in Section 10953, General Code, which reads as follows:

"By the court settling his account, every guardian shall be allowed the amount of all his reasonable expenses incurred in the execution of his trust; and also such compensation for his services as the court deems reasonable."

On July 30, 1929, the Uniform Veterans Guardianship Act (Section 11037-1 to 11037-20, General Code) became effective. Section 11037-11, General Code, reads as follows:

"Compensation payable to guardian shall not exceed five per cent of the income of the ward during any year. In the event of extraordinary services rendered by such guardian the court may, upon petition, and after hearing thereon, authorize additional compensation therefore payable from the estate of the ward. Notice of such petition and hearing shall be given the proper office of the bureau in the manner provided in Section 9. No compensation shall be allowed on the corpus of an estate received from a preceding guardian. The guardian may be allowed from the estate of his ward reasonable premiums paid by him to any corporate surety upon his bond."

This Act was passed by the General Assembly pursuant to the activities of the United States Veterans Bureau and the recommendation of the Commissioners of Uniform State Laws, and was adopted for the purpose of providing

for a uniform administration throughout the country of the estates of veterans of the late war. The estate of this ward is entirely made up of moneys paid to the ward or his guardian by the United States Government.

In view of the state of the law prior to July 30, 1929, the action of the Probate Court in overruling the exceptions to the third and four partial accounts is approved by me, and the appeal is dismissed so far as those are concerned.

With relation to the fifth partial account the allowance of so-called compensation for extraordinary services is disallowed. It is my opinion that none of the services rendered by the guardian and set forth in his application forth extra compensation and the statement appended thereto were extraordinary services, and that he cannot be allowed any extraordinary compensation for help which he employs to assist him in his work.

There was no allowance for attorney's fees in connection with the fifth partial account.

The case was heard in this court on stipulations submitted by counsel for both sides.

I have carefully gone over all the files and studied the authorities cited by counsel. The purpose of the Uniform Veterans Act is very clear. The United States Government is not required to pay any money available for veterans to any state guardian. Its study of conditions throughout the country led it to the conclusion that action should be taken to see to it that all of the money paid by it to the veterans should be applied to their benefit. In my opinion the approval of this policy by the Ohio General Assembly was very sound.

Under the old law a Probate Judge had broad discretion in relation to the allowance of compensation to guardians. The present law it seems to me clearly limits that discretion.

I have carefully studied the services which the guardian claims he performed for the ward, for which he asks extra compensation, and believe that they are all services which any guardian should expect to perform for a ward if he undertakes the obligation of service in that behalf.

A journal entry may be drawn by counsel for the Veterans Administration in conformity herewith.